UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ARELY ALEJANDRA FERNANDEZ LOPEZ,

Petitioner,

v.

MINGA WOFFORD, Mesa Verde ICE Processing Center Facility Administrator; SERGIO ALBARRAN, Acting Field Office Director of the San Francisco Immigration and Customs Enforcement Office; TODD M. LYONS, Acting Director of United States Immigration and Customs Enforcement; KRISTI NOEM, Secretary of the United States Department of Homeland Security; PAMELA BONDI, Attorney General of the United States,

Respondents.

No. 1:25-cv-01226-KES-SKO (HC)

**FINDINGS AND RECOMMENDATION TO GRANT PETITION FOR WRIT OF HABEAS CORPUS**

**[21-DAY OBJECTION DEADLINE]**

Petitioner is a former immigration detainee proceeding with a petition for writ of habeas corpus. She is a 41-year-old asylum-seeker from Chile who entered the United States in August 2021. Upon entry, she was detained by immigration officials but was released on September 1, 2021, after the officials determined that she was neither a danger nor a flight risk. Over the course of nearly four years, she sought relief in her immigration case, appeared at all hearings and check-ins, and maintained a clean criminal record. On August 22, 2025, when she appeared for a

1

credible fear interview before an asylum officer, Immigration and Customs Enforcement ("ICE") agents re-detained her.

On September 17, 2025, Petitioner filed the instant petition, (Doc. 2), and a motion for temporary restraining order, (Doc. 6), contending her re-detention without a pre-deprivation hearing violated the Due Process Clause of the Fifth Amendment.  On October 17, 2025, the District Court converted the motion for temporary restraining order into a motion for preliminary injunction and granted the motion. The Court ordered Respondents to release petitioner immediately, and enjoined Respondents from re-detaining Petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that Petitioner is a flight risk or danger to the community such that her physical custody is legally justified. In the order, the parties were provided with the option to file further briefing on the merits. The time provided for such briefing has passed, and neither party has submitted additional briefing.

For the reasons stated in the order granting a preliminary injunction, and consistent with the Court's numerous previous orders considering the same legal issues, see, e.g., Clene C.D. v. Robbins, No. 1:25-CV-01463-KES-SKO (HC), 2025 WL 3492118 (E.D. Cal. Dec. 4, 2025); Bilal A. v. Wofford, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025); and J.A.E.M. v. Wofford, No. 1:25-CV-01380-KES-HBK (HC), 2025 WL 3013377 (E.D. Cal. Oct. 27, 2025), the Court will recommend the petition be granted.

In summary, by releasing Petitioner under either 8 U.S.C. § 1226(a) or 8 U.S.C. § 1182(d)(5)(A), the government necessarily determined that Petitioner was not a danger to the community or a flight risk. Saravia v. Sessions, 280 F. Supp. 3d 1168, 1176 (N.D. Cal. 2017), aff'd sub nom. Saravia for A.H. v. Sessions, 905 F.3d 1137 (9th Cir. 2018). By permitting Petitioner to be at liberty for four years and allowing her to establish ties in the United States, the government enabled Petitioner to develop a protected liberty interest in her continued liberty. See Guillermo M. R. v. Kaiser, No. 25-CV-05436-RFL, 2025 WL 1983677, at *4 (N.D. Cal. July 17, 2025) (recognizing that "the liberty interest that arises upon release [from immigration detention] is inherent in the Due Process Clause"); Ortega v. Kaiser, No. 25-cv-05259-JST, 2025 WL

2

1771438, at *3 (N.D. Cal. June 26, 2025) (collecting cases finding that noncitizens who have been released have a strong liberty interest); see also Morrissey v. Brewer, 408 U.S. 471, 482 (1972).  Implicit in the government allowing Petitioner to be at liberty was the "promise that parole [would] be revoked only if [she] fail[ed] to live up to the parole conditions." Morrissey, 408 U.S. at 482. And by failing to provide her with a hearing before revoking parole, the government violated Petitioner's due process rights.

## RECOMMENDATION

For the foregoing reasons, the Court hereby RECOMMENDS that the petition be GRANTED.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within twenty-one (21) days after being served with a copy of this Findings and Recommendation, a party may file written objections with the Court and serve a copy on all parties. Id. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall not exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014).  This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

3

Dated:    **February 11, 2026**                    /s/ *Sheila K. Oberto*
                                                   UNITED STATES MAGISTRATE JUDGE